MEMORANDUM *
Sergio Moreno argues that the district court erred by failing to suppress the evidence from the search of his car. When the officer pulled them over, Jose Tenorio was driving the car. The officer noticed a broken window and saw that Tenorio’s hands shook when he got his license out. The officer got more suspicious and obtained what he thought was consent to search the car. Moreno argues that the consent was defective because of the poor English skills of the driver and passengers and his own medical condition, both of which impaired their understanding and vitiated the consent.
The validity of a defendant’s consent to a search depends on the totality of the circumstances and is a question of fact reviewed for clear error.[1]
The district court held a hearing. The traffic stop was videotaped, and the judge watched the videotape at the hearing. The judge found that Moreno appeared to understand the consent form, that he spoke plain English on the videotape, that another passenger translated it for him into Spanish, and that Moreno said he understood the form. And, after the search, Moreno told a DEA agent that he had consented to the search because he did not know there were drugs in the car. The district court’s finding of consent was not clearly erroneous.
Moreno also argues that his sentence was unreasonable. We grant a limited remand to allow the district court to answer the question whether it would have imposed a different sentence had it viewed the Guidelines as advisory.[2]
AFFIRMED in part and REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. United States v. Cormier, 220 F.3d 1103, 1112 (9th Cir.2000).

. United States v. Ameline, 409 F.3d 1073, 1079 (9th Cir.2005) (enbanc).